

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. Gus J. Strauss, Director
Gas Utilities Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:                    Opinion No. O-5486

                    Re: Paltex Oil and Gas
                        Company is a gas
                        utility company under
                        the facts submitted.

        The factual situation contained in your letter of
July 12, 1943, and upon which you predicate your request for
an opinion is:

        "Paltex Oil and Gas Company of Palacios,
    Texas, purchases gas from producers in the
    Palacios Field and sells it to the United
    States Government at Camp Hulen, Texas.  The
    gas is transported from the Palacios Field to
    Camp Hulen by a pipe line which is owned by
    Paltex Oil and Gas Company.  Its gas pipe line
    is laid under a number of public roads, a
    State Highway, and right-of-way of a railroad;
    and it is not disputed that the gas transported
    is for sale.  The United States Government is
    the only customer being served from the pipe
    line, but Paltex Oil and Gas Company has of-
    fered gas for sale to the City of Palacios,
    Texas, should the City of Palacios acquire a
    distribution system to serve its residents.

        "The above described operations were begun
    about December 11, 1940, and since that time
    several demands have been made of Paltex Oil
    and Gas Company to file with the Railroad Com-
    mission of Texas the quarterly reports required
    of gas pipe line operators by Article 6060, Re-
    vised Civil Statutes, 1925.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The Railroad Commission of Texas has prescribed a form of annual report for such operators, as provided for in Article 6056, Revised Civil Statutes, 1925, and demands have been made of this company to file such annual reports with the Commission.

"The Company contends that it is not a utility and that it is beyond the power of the Legislature of Texas to classify it as such; and it has, therefore, refused to file the reports required by Article 6060 and the order of the Commission entered under Article 6056. It has also refused to pay the gross receipts taxes levied by Article 6060. * * *"

You propound the question:

"Please advise us at your earliest convenience (1) whether or not it is your opinion that Paltex Oil and Gas Company is a gas utility as defined by Article 6050, (2) if it is subject to the reports and taxes prescribed by Article 6060, and (3) has the Commission authority to require the Company to file the annual report prescribed by the Commission under Article 6056?"

We have ascertained from the Secretary of State that Paltex Oil and Gas Company is a Texas corporation, having as its purpose clause "to establish and maintain an oil business with authority to contract for the lease and purchase of the right to prospect for, develop and use coal and other minerals, petroleum and gas; also the right to erect, build and own all necessary oil tanks, cars and pipes necessary for the operation of the business of the same." Subdivision 37 of Article 1302, Vernon's Annotated Civil Statutes.

The pertinent statutes are Articles 6050, 6056 and 6060, V. A.C.S., which are as follows:

Mr. Gus J. Strauss, page 3

"Art. 6050. Classification

"The term 'gas utility' and 'public utility' or 'utility,' as used in this subdivision, means and includes persons, companies and private corporations, their lessees, trustees, and receivers, owning, managing, operating, leasing or controlling within this State any wells, pipe lines, plant, property, equipment, facility, franchise, license or permit for either one or more of the following kinds of business:

" * * *

" Owning or operating or managing a pipe line for the transportation or carriage of natural gas, whether for public hire or not, if any part of the right of way for said line has been acquired, or may hereafter be acquired by the exercise of the right of eminent domain; or if said line or any part thereof is laid upon, over or under any public road or highway of this State, or street or alley of any municipality, or the right of way of any railroad or other public utility; including also any natural gas utility authorized by law to exercise the right of eminent domain.

"* * *"

"Art. 6056. Operator's reports

"The Commission may require of all persons or corporations operating, owning or controlling such gas pipe lines sworn reports of the total quantities of gas distributed by such pipe lines and of that held by them in storage, and also of their source of supply, the number of wells from which they draw their supply, the amount of pressure maintained, and the amount and character and description of the equipment employed, and such other matters pertaining to the business as the Commission may deem pertinent."

Mr. Gus J. Strauss, page 4

"Art. 6060. Utility tax

"Every gas utility subject to the provisions
of this subdivision on or before the first day of
January and quarterly thereafter, shall file with
the Commission a statement, duly verified as true
and correct by the president, treasurer or general
manager if a company or corporation, or by the owner
or one of them if an individual or co-partnership,
showing the gross receipts of such utility for the
quarter next preceding or for such portion of said
quarterly period as such utility may have been con-
ducting any business, and at such time shall pay
into the State Treasury at Austin a sum equal to
one-fourth of one per cent of the gross income re-
ceived from all business done by it within this
State during said quarter."

In our Opinion No. 0-3524a, the original of which
you have in your office, we had before us the question of whe-
ther the Republic Natural Gas Company, organized under the same
subdivision, was required to file the reports and pay the taxes
sought to be required in the instant case.

We there held that the Republic Natural Gas Com-
pany was not liable for the gross receipts tax as provided in
Article 6060, supra. Such holding was predicated upon the
proposition that the company was not engaged in the business
of owning or operating or managing a pipe line company for the
transportation or carriage of natural gas as provided in Arti-
cle 6060; that the transportation of natural gas was but in-
cidental to the execution of its purpose of operating an oil
and gas producing business under Subdivision 37 of Article
1302, V.A.C.S.

The facts upon which the Republic opinion was
written were:

The company owned a number of gas wells in the
Saxet Field, Nueces County, Texas; that it had pipe lines from
its wells to a central point on its own lease, where the gas
is sold and delivered to the City of Corpus Christi through
a line owned by that city; its lines constituted a gathering
system on its own leases which brought the gas to a central
point for sale and delivery.

In the instant case, Paltex Oil and Gas Company is not selling gas which it is authorized by its charter to produce. It is purchasing gas from other producers and transporting it through its own lines for the purpose of reselling said gas to the United States Government. We do not pass upon the question of the right of Paltex Oil and Gas Company under its charter to purchase gas for the purpose of resale. Suffice it to say that by virtue of its doing so, it has, in our opinion, constituted itself a gas utility within the plain language of Article 6050, supra, and is required to file the reports and pay the taxes provided in Articles 6056 and 6060.

APPROVED AUG 5, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong

Lloyd Armstrong
Assistant

LA:EP



APPROVED
OPINION
COMMITTEE
BY